UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**BENSON EVERETT LEGG**                                                                                                        101 West Lombard Street
Chief Judge                                                                                                                                        Baltimore, Maryland 21201
                                                                                                                                                              410-962-0723

July 28, 2005

MEMORANDUM TO COUNSEL RE:        Bellamy-Bey v. Baltimore Police Dep't et al.,
                                                                       Civil No. L-04-2107

Dear Counsel:

      On July 9, 2004, Damon Bellamy-Bey ("Bellamy-Bey") filed the instant civil rights action. Bellamy-Bey alleges that several Baltimore City Police Officers stopped him without probable cause and ordered him to produce identification. When he refused, the officers allegedly forcibly removed Bellamy-Bey from his car and detained him while they conducted a search and determined whether he had any outstanding warrants. Bellamy-Bey alleges that the entire incident lasted one hour. Bellamy-Bey is seeking $5 million for his physical and emotional injuries.

**I.     Procedural Background**

      Bellamy-Bey's original Complaint named the Baltimore Police Department ("BPD"), Sergeant Sean Mahoney and several unidentified Baltimore City Police Officers as defendants. Shortly before discovery closed, Bellamy-Bey sought leave to file an Amended Complaint. Bellamy-Bey's Amended Complaint named six previously unidentified Baltimore City Police Officers. On June 7, 2005, the Court granted Bellamy-Bey leave to file an Amended Complaint.

      Pursuant to the Scheduling Order, counsel filed a status report on June 13, 2005. In their reports, counsel stated that (i) discovery has not been completed, and (ii) the parties had not met to conduct serious settlement negotiations. On July 20, 2005, counsel, pursuant to the Court's Order, filed a proposed schedule for completing discovery and filing dispositive motions. On July 26, 2005, the six newly added defendants filed Answers to the Amended Complaint.

**II.    Section 1983 Claim against BPD**

      Bellamy-Bey claims that BPD is liable under 42 U.S.C. § 1983 for its "policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct" of the officers.

      To hold the BPD liable under § 1983, Bellamy-Bey must first establish that at least one police officer violated his constitutional rights. See Marryshow v. Town of Bladensburg, 139 F.R.D. 318,

319 (D. Md. 1991) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).  If Bellamy-Bey cannot show that an individual police officer violated his constitutional rights, his claim against BPD must likewise fail.

Under Federal Rule of Civil Procedure 42(b), the Court may, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," order separate trials of any claims or issues.  The Court has broad discretion in deciding whether to bifurcate claims for trial, and the exercise of that discretion will be set aside only if clearly abused.  Dawson v. Prince George's County, 896 F. Supp. 537, 539 (D. Md. 1995).

Following customary practice, the Court hereby bifurcates the § 1983 claim against BPD for purposes of both discovery and trial.  Discovery, dispositive motions, and (if necessary) trial concerning the individual police officers will proceed as described below.  This phase of the case will focus on the incident itself.  If Bellamy-Bey proves that one or more of the individual officers violated his constitutional rights, then the Court will, if necessary, reopen the case against BPD.  The second phase of the case would focus on the training, policies and practices of BPD.  Marryshow, 139 F.R.D. at 319 (citing Monell, 436 U.S. at 691-94).

Despite the bifurcation, BPD must produce, in the first phase of discovery, any policies that it has relative to officers stopping individuals and asking for identification.  The Court also notes that to date, BPD has not filed an Answer to the Amended Complaint.  On or before August 3, 2005, BPD shall file its Answer.  Afterward, the case against BPD will be stayed except for the discovery noted herein.

## II.     Discovery

Because of the age of the case and because the Amended Complaint alleges an event that is limited in duration, I am disinclined to authorize an extended discovery period.  Moreover, although discovery was not finished at the deadline, it presumably was substantially completed.  Accordingly, the following schedule shall control:

|  |  |
|---|---|
| August 10, 2005 | Rule 26(a)(1) Disclosures for all parties |
| September 30, 2005 | Discovery Deadline |

### A.     Bellamy-Bey's Deposition

It is unclear from the parties' status reports whether Bellamy-Bey has been deposed.  If Bellamy-Bey has been deposed, Mr. Fields shall advise me, on or before August 3, 2005, whether the newly added defendants wish to reopen his deposition.  If so, Mr. Fields shall explain what the new areas of inquiry will be and the estimated length of time that will be required.  The Court will then decide whether Bellamy-Bey's deposition can be reopened.

If Bellamy-Bey has not been deposed or if the Court rules that Bellamy-Bey's deposition can be reopened, Mr. Lawson shall, on or before August 10, 2005, provide opposing counsel with three dates during the month of August when his client will be available. Bellamy-Bey's deposition shall take place no later than August 30th and the deposition shall last no longer than four hours.

### B. Depositions of Individual Officers

The depositions of the individual officers shall be limited to one hour each. On or before August 5, 2005, Mr. Fields shall inform Mr. Lawson of his clients availability in August.

### III. Dispositive Motions

A settlement conference with Judge Bredar is scheduled for November 18, 2005. To refine the issues for settlement, it is advisable that dispositive motions be fully briefed and available to Judge Bredar before the conference. Accordingly, the briefing schedule shall be as follows:

| | |
|---|---|
| October 17, 2005 | Dispositive Motions Due |
| October 31, 2005 | Response to Dispositive Motions Due |
| November 11, 2005 | Reply to Response Due |

### IV. Settlement Conference

Counsel have twice canceled settlement conferences with Judge Bredar at the last minute. Hours before the first scheduled settlement conference, Mr. Fields filed a motion stating that he could not attend because he was in trial. The day before the second scheduled settlement conference, counsel jointly requested a continuance. This last minute postponement, which disrupts Judge Bredar's schedule, will not occur again. Any request to cancel or postpone the settlement conference shall be made no later than November 1, 2005. Otherwise, counsel and whichever parties or representatives specified by Judge Bredar must be present on November 18, 2005.

Despite the informal nature of this memorandum, it shall be flagged as an opinion and docketed as an Order of the Court.

Very truly yours,

/s/
Benson Everett Legg

c:   Court file