IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMON BELLAMY-BEY | : | |
| | : | |
| v. | : | CIVIL NO. L-04-2107 |
| | : | |
| BALTIMORE POLICE | : | |
| DEPARTMENT, et al. | : | |

### MEMORANDUM

Now pending are (i) Plaintiff Damon Bellamy-Bey's ("Bellamy-Bey") Motion for Sanctions and Extension of Time; (ii) Defendants Sean Mahoney, Jeffrey Archambault, and Kirk Black's ("Defendants") Cross Motion for Protective Order; (iii) Bellamy-Bey's Motion for Recusal; (iv) Defendants' Motion for Summary Judgment; (v) Bellamy-Bey's Motion to Stay Consideration of Defendants' Motion for Summary Judgment; and (vi) Bellamy-Bey's Motion for Rule 11 Sanctions.  For the reasons stated below, the Court will, by separate order, DENY each of the pending motions without prejudice.

**I.     Background**

This is a 42 U.S.C. § 1983, Fourth Amendment case.  Bellamy-Bey alleges that on November 14, 2003, several Baltimore City Police Officers stopped him without reasonable suspicion and ordered him to produce identification.  When he refused, the officers forcibly removed him from his car and detained him while they conducted a search and determined whether there were any outstanding warrants.  Bellamy-Bey alleges that the incident lasted one hour.

On July 9, 2004, Bellamy-Bey filed the instant action.  The original complaint named the Baltimore Police Department, Sergeant Mahoney and several unidentified police officers.  On June 7, 2005, the Court granted Bellamy-Bey leave to amend his complaint, and Bellamy-Bey

named six previously unnamed officers. On July 28th, this Court issued an order bifurcating the case, which will proceed against the individual police officers. If Bellamy-Bey obtains a verdict, the case will proceed against the Baltimore Police Department. Bellamy-Bey and Sergeant Mahoney have since been deposed, and Bellamy-Bey's counsel, Jeffrey Lawson, began the deposition of Officer Chappell. On November 4th, this Court held a telephone conference with counsel for both parties to discuss the discovery progress and the pending discovery motions.

## II.     Discovery Motions

The Court hereby orders that:

(i)     Mr. Spicer will obtain the files containing any citizen complaints lodged against any of the police officer defendants. The files will be turned over to the Court for its in camera review.

(ii)    Mr. Lawson will send a letter to Mr. Spicer naming the person assigned to investigate Bellamy-Bey's complaint. Mr. Spicer will contact the investigator to determine whether the investigator can identify any documents pertinent to this case. If so, Mr. Spicer will produce those documents to Mr. Lawson.

(iii)   Mr. Lawson will provide Mr. Wollery's telephone number to Mr. Spicer.

(iv)    Mr. Lawson will provide Mr. Spicer with the cell phone number Bellamy-Bey was using on November 14, 2003, the name of Bellamy-Bey's service provider, and Bellamy-Bey's phone records for that date.

(v)     The parties shall submit a joint status report on or before November 23, 2005.

## III.    Motion for Recusal

On August 22, 2005, Bellamy-Bey filed a Motion for Recusal. Bellamy-Bey states that, pursuant to 28 U.S.C. § 455(a), the undersigned must recuse himself from the instant case. Section 455(a) states that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test is an objective one: "[t]he inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality . . ." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987).

Bellamy-Bey argues that the Court's bias is evidenced by rulings in this case and in other cases involving Bellamy-Bey. As the Supreme Court noted in Liteky v. United States, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." 510 U.S. 540, 555 (1994). Allegedly "incorrect" rulings "are proper grounds for appeal, not for recusal." Id. Bellamy-Bey's motion will, therefore, be denied.

**IV.    Conclusion**

For the reasons stated on the record during the telephone conference, the Court will, by separate order, deny all other open motions. The Defendants' Motion for Summary Judgement may be refiled after discovery. The Court will set a briefing schedule once discovery is complete.

Dated this 8th day of November, 2005.

_____/s/_____
Benson Everett Legg
Chief Judge