IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMON BELLAMY-BEY | : | |
| | : | |
| v. | : | CIVIL NO. L-04-2107 |
| | : | |
| BALTIMORE POLICE | : | |
| DEPARTMENT, et al. | : | |

**MEMORANDUM**

Now pending are Damon Bellamy-Bey's Motion to Compel Discovery (Docket No. 111)[1] and his Motion for Sanctions (Docket No. 96). For the following reasons, the Court will, by separate order, GRANT in part and DENY in part Bellamy-Bey's Motion to Compel, and GRANT Bellamy-Bey's Motion for Sanctions.[2]

**I.     Bellamy-Bey's Motion to Compel**

   A.   Background

This is a Fourth Amendment case. Bellamy-Bey alleges that several Baltimore City Police Officers stopped him without reasonable suspicion and ordered him to produce identification. When he refused, the officers forcibly removed Bellamy-Bey from his car and detained him while they conducted a search and determined whether there were any outstanding warrants.

Bellamy-Bey requested copies of all police files relating to claims brought against the Defendant police officers. The Defendants refused to produce the documents arguing that the files are confidential. The Court has reviewed the files *in camera*, and the parties have briefed

---

   [1]   Bellamy-Bey's motion is entitled "Brief in Support of Mr. Damon Bellamy-Bey's Request for Discovery of Complete Personnel Records of Defendants." The Court will construe this as a Motion to Compel.

   [2]   Also pending is the Defendants' Motion to Stay. (Docket No. 105). The Court will wait to rule on this motion until after it receives the parties' joint status report.

whether the documents should be produced.

Of the twenty-nine claims, seven are factually similar to Bellamy-Bey's allegations. These claims can be divided into three categories: (1) sustained, (2) transferred, and (3) unsustained. Only one claim was sustained. (Claim 99-3801). This claim involved two officers, one of whom is a named defendant. The Baltimore Police Department Internal Investigation Division (IID) concluded that the defendant violated police rules and regulations by stopping a man, grabbing him by the jaw, forcing him into the air, and searching him. The file states that, as a result of the claim, the officers were subject to the agency's disciplinary procedures.

Another claim was transferred from IID to the Special Operations Division. (Claim 02-R0984). Claims are transferred when IID determines that the "complaint involves minor misconduct that is most appropriately handled by the officer's District Commander." (BPD's Bench Memo., Ex. 1, ¶ 6). The transferred claim involves an officer who grabbed a man by the collar as he was walking along the sidewalk. The officer searched the man and asked for identification. When the man provided identification, the officer left the scene.

Five of the claims were unsustained. (Claims 05-082, 04-548, 01-0806, 00-869 and 95-829). Of these, two were unsustained because IID concluded that the claims were not accurate or truthful. (Claims 00-689 and 95-892). The other three were unsustained because the claimants did not cooperate or did not file a formal complaint. (Claims 05-082, 04-548, and 01-086).

B.   Analysis

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery of any

documents that (1) are not privileged and (2) are relevant to the Plaintiff's claims.[3]  There is no privilege for police investigative files under federal law.[4]  Accordingly, the Court need only determine whether the files are relevant to Bellamy-Bey's claims.

To determine whether police investigative files are relevant, courts have traditionally applied a balancing test.[5]  The test weighs whether "disclosure of specific information would result in specific harm to identified important interests" against the relevance of the documents to the plaintiff's case and the injury to the public and plaintiff of non-disclosure.[6]  "Except for reasonable redactions of names and addresses to protect privacy or informer sources, plaintiffs in federal civil rights actions are presumptively entitled to ... documents on prior complaints and

---

[3]   Fed. R. Civ. P. 26(b)(1) provides, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

[4]   See Boyd v. Gullett, 64 F.R.D. 169, 178 (D. Md. 1974) ("Under federal law there is no privilege for police investigative files other than files relating to ongoing investigations."); Spell v. McDaniel, 591 F. Supp. 1090, 1119 (E.D.N.C. 1984).

[5]   See King v. Conde, 121 F.R.D. 180, 190 (E.D.N.Y. 1988); Skibo v. City of New York, 109 F.R.D. 58, 64 (E.D.N.Y. 1985).

[6]   See King, 121 F.R.D. at 189-90.  In King, the United States District Court for the Eastern District of New York set forth six factors disfavoring disclosure and four factors favoring disclosure.  The factors disfavoring disclosure are:  (1) threat to police officers' own safety; (2) invasion of police officers' privacy; (3) weakening of law enforcement programs; (4) chilling of police internal investigative candor; (5) chilling of citizen complaint candor; and (6) state privacy laws.  The factors favoring disclosure are:  (1) relevance to the plaintiff's case; (2) importance to the plaintiff's case; (3) strength of the plaintiff's case; and (4) importance to the public interest.

police history."[7]

After balancing the interests, the Court finds that Bellamy-Bey is entitled to documents regarding the sustained claim (99-3801) and the claim that was transferred to the Special Operations Division (02-R0984), subject to limited redactions.[8] These claims are relevant to Bellamy-Bey's case as they involve a Defendant engaging in the same field interview technique that Bellamy-Bey is challenging. The names and identifying information of non-defendant police officers, complainants, and witnesses are redacted to protect their privacy. The redacted documents are attached to this opinion and are filed under seal. Only Bellamy-Bey and his attorney, Jeffrey Lawson, may view the redacted documents. The documents may not be distributed to any other parties.

The Court finds, however, that the unsustained claims are irrelevant to Bellamy-Bey's case. IID found that there was not sufficient evidence to continue to investigate two of the unsustained claims. With regard to the other three unsustained claims, the complainants did not follow through with their complaints. These claims do little to demonstrate officer misconduct and will not be produced to Bellamy-Bey.

## II.     Motion for Sanctions

Bellamy-Bey asks the Court to impose sanctions on the Defendants for seeking to postpone a settlement conference with Magistrate Judge Bredar at the last minute. See Fed. R. Civ. P. 11. The settlement conference at issue was scheduled for Monday, February 13, 2006 at 10:00 a.m. On Friday, February 10, 2006 at 4:00 p.m., the Defendants filed a Motion to

---

[7]     Id. at 198.

[8]     See Boyd, 64 F.R.D. at 178.

Postpone. By the time the Defendants filed the motion, Bellamy-Bey had traveled from South Carolina, where he now resides, to Baltimore in anticipation of the meeting. Bellamy-Bey did not have an opportunity to submit his opposition before Judge Bredar granted the motion.

This is the third time the Defendants have moved to postpone a settlement conference at the last minute. In an Order dated July 28, 2005, the Court warned the Defendants that such a "last minute postponement, which disrupts Judge Bredar's schedule, will not occur again." (Docket No. 57). Moreover, the Defendant's argument that it requested the postponement because it was not prepared to make a settlement offer does not explain why the Defendants waited until the last minute to make the motion. The Defendants were aware of the state of the case weeks before the settlement conference date.

Accordingly, the Court will grant Bellamy-Bey's Motion for Sanctions. The Defendants shall pay Bellamy-Bey's travel expenses for his trip to Baltimore for the settlement conference On or before July 31, 2006, Bellamy-Bey shall submit an itemized list of his expenses. On or before August 11, 2006, the Defendants shall submit any objections to the reasonableness of the expenses.

Bellamy-Bey also asks for attorney's fees for time spent preparing for the settlement conference. This request is denied. Time spent in preparation for the conference was not wasted because it is likely that the parties will engage in further settlement negotiations at the close of discovery.

**III.     Motion for Stay**

Defendants have also filed a Motion to Stay this case until May 1, 2007 because Defendant Kirk Black (one of the eight individual Defendants) is a member of the United States military and has been stationed in Guantanamo Bay, Cuba until March or April 2007.

While the Court is sensitive to Officer Black's deployment, this case is now over two years old, and the Court is hesitant to permit further delays. Accordingly, on or before July 31, 2006, the parties shall file a joint status report regarding what discovery remains. The status report shall state:

    (i)    what, if any, document discovery remains;

    (ii)    what, if any, depositions Bellamy-Bey would like to take and what, if any, depositions the Defendants would like to take;

    (iii)    whether either party intends to engage in expert discovery;

    (iv)    which parts of the remaining discovery require Officer Black's availability.

After receipt of the status report, the Court will set a final discovery schedule and rule on the Defendants' Motion to Stay.

## IV.  Conclusion

Accordingly, the Court will:

    (i)    GRANT in part and DENY in part Bellamy-Bey's Motion to Compel (Docket No. 111);

    (ii)    DIRECT the Clerk to docket the attached documents UNDER SEAL. Only Bellamy-Bey and his attorney, Jeffrey Lawson, may view the redacted documents. The documents may not be distributed to any other parties;

    (iii)    GRANT Bellamy-Bey's Motion for Sanctions (Docket No. 96); and

    (iv)    require the parties to file a joint status report on or before July 31, 2006.

Dated this 21st day of July, 2006.

                                          _____/s/_____
                                          Benson Everett Legg
                                          Chief Judge