IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMON BELLAMY-BEY | : | |
| | : | |
| v. | : | CIVIL NO. L-04-2107 |
| | : | |
| BALTIMORE POLICE | : | |
| DEPARTMENT, et al. | : | |

**MEMORANDUM**

Now pending is Plaintiff Damon Bellamy-Bey's ("Bellamy-Bey") Motion for Leave to File Amended Complaint and Joinder of Parties (Docket No. 133). The motion has been fully briefed, and no hearing is necessary. See Local Rule 105.6 (D. Md. 2004). For the following reasons, the Court will, by separate Order, GRANT the motion IN PART and DENY it IN PART.

**I.      Background**

The relevant background to this case is set forth in the Court's Letter Order of July 28, 2005 (Docket No. 57). On August 2, 2006, the Court issued a scheduling order that directed the parties to conclude discovery by September 20, 2006.[1] On August 28, 2006, Bellamy-Bey filed a Motion to Amend the Amended Complaint. The Court directed Defendants to respond by November 3, 2006. On November 1, 2006, before Defendants responded, Bellamy-Bey withdrew his Motion to Amend and filed the instant "Motion for Leave to File Amended Complaint and Joinder of Parties."

**II.     Analysis of Proposed Amendments**

In his Motion, Bellamy-Bey seeks the following:

- To particularize certain factual allegations.

---

[1]      This deadline was later extended to October 27, 2006 (Docket No. 130).

- To adjust damage amounts requested.

- To add requests for declaratory judgments.

- To join an additional defendant.

- To add a selective enforcement claim.

- To add supervisory liability claims.

Each of the proposed amendments is discussed in turn.

### A. Particularize Factual Allegations:

Bellamy-Bey seeks to add specificity to his complaint by, inter alia, alleging additional facts and particularizing the timing of events. Fed. R. Civ. P. 8(a) requires only a "short and plain statement" of the facts. Because the changes are unnecessary under the Rule, the Court will deny Bellamy-Bey's motion in this respect.

### B. Adjust Damage Amounts Requested:

Bellamy-Bey seeks to change the amounts of the damages that he seeks from the individual Defendants, resulting in an overall per-claim reduction in damages. The Court will grant Bellamy-Bey's motion with respect to these changes.

### C. Add Requests for Declaratory Judgments:

Bellamy-Bey seeks to add three requests for declaratory judgments against Defendants. He requests judgments declaring (i) that the Baltimore Police Department's ("BPD") "field interview" practice is unconstitutional, (ii) that BPD failed to sufficiently train, supervise, and discipline the individual officers, and (iii) that the individual officers violated Bellamy-Bey's constitutional rights.

The Court addresses the requests seriatim. The Court denies Bellamy-Bey's first request. Litigating the constitutionality of the "field interview" practice would greatly increase the scope

of this case, which concentrates on a single incident.

The Court denies the second request without prejudice to refiling. By Order dated July 28, 2005, the Court bifurcated this case into two phases. The first phase focuses on whether the individual officers violated Bellamy-Bey's constitutional rights. If Bellamy-Bey proves that one or more of the individual officers violated his rights, the Court will, if necessary, reopen the case against the BPD.

The Court denies Bellamy-Bey's third request. A verdict in Bellamy-Bey's favor would necessarily embody a finding that the officers violated Bellamy-Bey's constitutional rights.

### D.   Join an Additional Defendant:

Bellamy-Bey seeks to join supervising officer Michael McKnight ("McKnight"). Apparently, Bellamy-Bey seeks to add McKnight on a supervisory liability theory. McKnight was not present on the scene when Bellamy-Bey's rights were allegedly violated. Accordingly, the Court denies Bellamy-Bey's request without prejudice to refiling. The matter may be taken up when the Court reopens the case against the BPD, if necessary.

### E.   Add Selective Enforcement Claim:

Bellamy-Bey seeks to add a selective enforcement claim (Claim 8) against three police officers who were present at the scene.[2] Here, Bellamy-Bey attempts to assert an additional theory of recovery from allegations already contained in his original complaint. Accordingly,

---

[2] The three officers are Jeffrey Archambault, Kirk Black, and Dustin Schappel. To bring a selective enforcement claim under § 1983, Bellamy-Bey must allege that (i) the officers treated him differently from similarly situated persons (ii) because of an impermissible reason, such as racial animus. See, e.g., Snowden v. Hughes, 321 U.S. 1, 8-9 (1944); LeClair v. Saunders, 627 F.2d 606, 609 (2d Cir. 1980); Jetstream Aero. Services v. New Hanover Cty., 884 F.2d 1388 (4th Cir. 1989) (unpublished); Eberhart v. Gettys, 215 F. Supp. 2d 666 (M.D.N.C. 2002).

the Court will grant the request. The Court instructs the parties to confer and to file a joint status report on or before July 31, 2007 that discusses whether the parties' motions for summary judgment must be amended to address the selective enforcement claim.

### F.  Add Supervisory Liability Claims:

Bellamy-Bey seeks to add supervisory liability claims (Claims 2 and 3) against officers Kurt Lurz ("Lurz") and McKnight.[3] These proposed changes would shift the theories of recovery,[4] and would frustrate the purpose of the Court's July 28, 2005 bifurcation Order. Accordingly, the Court will deny without prejudice to refiling Bellamy-Bey's attempt to add supervisory liability claims against Lurz and McKnight. The matter may be taken up during the second phase of litigation, if necessary.

## III.  Schedule

The Court directs Bellamy-Bey to file (i) a clean copy and (ii) a redline copy of an amended complaint that conforms with the rulings set forth in this Memorandum. See Local Rule 103.6 (D. Md. 2004).

---

[3]  A showing of supervisory liability requires: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Randall v. Prince George's County, Md., 302 F.3d 188, 203 (4th Cir. 2002).

[4]  The requisite proof for supervisory liability is similar to municipal liability, as it requires an inquiry into not only the event at hand, but also into past occurrences and practices. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91 (1978).

**IV.     Conclusion**

For the foregoing reasons, the Court GRANTS in PART and DENIES in PART Bellamy-Bey's Motion for Leave to File Amended Complaint and Joinder of Parties (Docket No. 133).

It is so ORDERED this 24th day of July 2007.

_____/s/_____
Benson Everett Legg
Chief Judge